IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| NET PAY SOLUTIONS, INC., | * | Chapter 7 |
|     Debtor | * | |
| | * | |
| MARKIAN R. SLOBODIAN, Trustee, | * | |
|     Plaintiff | * | Case No.: 1-11-bk-05416-MDF |
| | * | |
| v. | * | Adversary No.: 1-13-ap-00163-MDF |
| | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
|     Defendant | * | |

**OPINION**

Before me is the motion of the United States of America, Internal Revenue Service (the "IRS") to dismiss the complaint filed by Markian Slobodian (the "Trustee"), Trustee of the bankruptcy estate of Net Pay Solutions, Inc. ("Debtor") for failure to state a claim on which relief can be granted. For the reasons that follow, the motion will be granted.

**I. Background**

Before the petition was filed, Debtor operated a payroll service collecting taxes from its clients and then remitting the collected amounts to various taxing authorities, including the IRS. The Trustee's complaint against the IRS consists of three counts. In Count I, the Trustee alleges that beginning May 3, 2011, Debtor transferred at least $3 million to the IRS on behalf of Debtor's clients. The Trustee does not identify the clients for whose benefit the transfers were made, the dates of the payments, or the amounts paid. The Trustee concludes, based on these allegations, that the IRS received a preferential transfer under 11 U.S.C. § 547 and should be required to return all amounts received on or after May 3, 2011. In Count II, the Trustee alleges that commencing August 3, 2007, Debtor transferred $5,074,712.44 to the IRS on behalf of

certain clients named in an exhibit attached to the complaint. In the exhibit, the Trustee identifies the dates and amounts of the funds transferred by client. Based on these allegations, the Trustee avers that the funds received by the IRS were fraudulent transfers as defined by Pennsylvania law, 12 Pa. C.S.A. § 5104, and should be returned to the Chapter 7 estate. The Trustee pleads in Count III that commencing August 3, 2009, Debtor transferred $4,654,220.50 to the IRS as tax payments on behalf of Debtor's clients. Based on these allegations, the Trustee concludes that the funds received by the IRS also constitute fraudulent transfers under 11 U.S.C. § 548 and should be returned to the estate.

On July 30, 2013, the IRS moved to dismiss the Trustee's complaint. The IRS argues that the complaint fails to state a claim on which relief can be granted and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") The parties have filed briefs on the matter, and it is ready for decision.[1]

## II. Discussion

A.   *Motions to dismiss under Fed. R. Civ. P. 12(b)(6)*

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences in favor of the non-moving party, and ask whether under any reasonable reading of the complaint, the non-moving party may

---

[1] I have core jurisdiction to hear this matter pursuant to 28 U.S.C. §157(b)(2)(F). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052.

be entitled to relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). When reviewing the complaint, a court must also consider any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citations omitted).

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Although a complaint need only consist of a "short and plain statement of the claim showing that the pleader is entitled to relief," it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly,* 550 U.S. at 555).

When considering a motion to dismiss under Rule 12(b)(6), the trial court must conduct a two-step process to determine whether relief should be granted. First, the court must separate factual and legal issues, then it must disregard legal conclusions while assuming that well-pleaded factual allegations are true. *Fowler,* 578 F.3d at 210-11 (citing *Iqbal*, 556 U.S. at 678). Second, examining the factual allegations alone, the court must then determine whether those allegations give rise to a plausible claim for relief. *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679). "Mere recitation of the elements of a claim is insufficient to survive a Rule 12(b)(6) motion to dismiss." *In re Am. Home Mortg. Holding*, 458 B.R. 161, 169 (Bankr. D. Del. 2011) (citing *Twombly*, 550 U.S. at 555).

### B. Count One- preferential transfers under 11 U.S.C. § 547(b)

The first issue I must consider is whether the Trustee has set forth allegations sufficient to give rise to a plausible claim for relief. Section 547(b) authorizes a trustee to avoid "any transfer of an interest of the debtor in property . . . to or for the benefit of a creditor" on account of an antecedent debt owed by the debtor before the transfer was made. 11 U.S.C. §547(b). The debtor must have been insolvent at the time of the transfer. *Id.* If the transfer was not made to an insider, it must have been made within ninety days before the petition was filed. *Id.*

Setting aside legal conclusions, I must determine whether the Trustee's factual allegations nudge his claims "across the line from conceivable to plausible." *Fowler,* 578 F.3d at 210-11. When analyzing whether a plaintiff has met this standard in the context of preferential transfer actions, the Delaware bankruptcy courts have held that the complaint must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of the debtor/transferor, (iii) name of transferee, and (iv) the amount of the transfer." *OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510, 521-22 (Bankr. D. Del. 2006).

In Count I, the Trustee asserts that "Debtor transferred to Defendant an interest or interests of the Debtor in property, including, but not necessarily limited to, a payment or payments to Defendant [the IRS] in the amount of no less that approximately Three Million Dollars and 00/1000 ($3,000,000.00)(the '2011 Transfers')." He further states that when the funds were transferred, the IRS was a creditor of Debtor. The Trustee does not plead facts, however, that would support the existence of an antecedent debt owed by Debtor to the IRS, nor does he provide the requisite details as to the dates and amounts of each transfer. More generally,

4

the complaint is devoid of facts that would, if accepted as true, establish a debtor/creditor relationship between Debtor and the IRS. The Trustee's bald allegation that funds were transferred between the parties is not sufficient. In the absence of allegations asserting a debtor/creditor relationship, the complaint cannot survive a Rule 12(b)(6) motion. *See Miller v. Mitsubishi Digital Elecs. Am. Inc. (In re Tweeter Opco)*, 452 B.R. 150, 155 (Bankr. D. Del. 2011) (holding that preference complaint is insufficient without identification of contract between the parties or description of goods or services exchanged); *Anderson News, LLC v. The News Grp., Inc. (In re Anderson News, LLC)*, No. 11-53879(CSS), 2012 WL 3638785, at *3 (Bankr. D. Del. August 22, 2012) (dismissing preference complaint that fails to adequately assert existence of antecedent debt). Accordingly, the Court will grant the motion of the IRS to dismiss Count I of the complaint unless the Trustee files an amended complaint as set forth in the Order accompanying this Opinion.

> C. *Counts Two and Three – fraudulent transfers under state law and the Bankruptcy Code*

Sections 544 and 548 of the Bankruptcy Code provide a Chapter 7 trustee with "general authority to avoid certain [pre-petition] transfers for the benefit of the estate." *In re MS55, Inc.*, 477 F.3d 1131, 1134 (10th Cir. 2007). Section 544 enables a trustee to use state fraudulent transfer statutes to avoid any transfer that an unsecured creditor could have avoided outside of bankruptcy. Section 548 includes a separate power authorizing a trustee to avoid fraudulent transfers made during the two-year period before the petition was filed.

In the matter before me, the IRS has asserted that "this Court lacks jurisdiction to issue a final judgment as to the state-law fraudulent-transfer action if the United States does not consent.

5

The United States reserves the right to contest to jurisdiction at a later date." IRS' Br.13 n.2. As a core matter, this Court has jurisdiction over fraudulent transfer actions. *See* 11 U.S.C. § 1334 (jurisdiction of the district court) and 11 U.S.C. § 157(b)(2)(H) (referral of core matters, including fraudulent transfer actions, to bankruptcy court). The true issue is whether a bankruptcy court possesses the constitutional authority to enter final judgment in a fraudulent transfer action brought against a party that does not consent to the entry of final judgment by the bankruptcy court.

In *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), the Supreme Court held that a bankruptcy court may not adjudicate a debtor's counterclaim against creditor unless resolution of the claim against the defendant is part of the claim allowance process or the claim against the defendant falls within the public rights exception. *Res. Funding, Inc. v. Pac. Cont'l Bank (In re Washington Coast 1, LLC)*, 485 B.R. 393, 403 (9th Cir. BAP 2012) (citing *Stern*, 131 S.Ct. at 2612-18).[2] Under 28 U.S.C. § 157(b)(2)(H), fraudulent transfer actions are designated as core proceedings subject to final determination by the bankruptcy court. Despite this clear statutory authority, following *Stern* many courts have concluded that bankruptcy courts do not possess the constitutional authority to enter final judgments on fraudulent transfer claims. Following the reasoning of the Ninth Circuit in *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 561 (9th Cir. 2012), I have arrived at the same conclusion. *See Carr*

---

[2] The "public rights exception" permits an Article I court to enter final orders in cases that otherwise must be determined by an Article III court. Congress "may create a seemingly 'private' right that is so closely integrated into a public regulatory scheme as to be a matter appropriate for agency resolution with limited involvement by the Article III judiciary." *Thomas v. Union Carbide Agric. Prod. Co.*, 473 U.S. 568, 593–94 (1985), *quoted in Pension Fin. Serv., Inc. v. O'Connell (In re Arbco Capital Mgmt., LLP)*, 479 B.R. 254, 263 (S.D.N.Y. 2012).

*v. Loeser (In re Int'l Auction and Appraisal Servs. LLC)*, 493 B.R. 460, 463-65 (Bankr. M.D. Pa. 2013).

In *In re Int'l Auction and Appraisal Servs*, I followed the reasoning of the Ninth Circuit, which concluded that a fraudulent transfer claim is a private and not a public right. *Id.* at 464. Therefore, unless the Trustee's claim against the IRS will be resolved as part of the claims allowance process, this Court lacks constitutional authority to adjudicate Counts II and III of the complaint.

The proof of claim filed by the IRS in the case asserts a claim for unpaid corporate income and withholding taxes incurred by Debtor. The Trustee's fraudulent transfer claim against the IRS arises from prepetition tax payments made by Debtor as an agent for Debtor's clients. The claims of each party against the other are unrelated.[3] Therefore, it is not necessary to resolve the Trustee's fraudulent transfer allegations to determine the merits of the IRS claim against Debtor. The Trustee's claim is not a public right and is not part of the claims resolution process. Under these circumstances, the Court lacks the constitutional authority to enter final judgment on the fraudulent transfer counts under state law and the Bankruptcy Code. Accordingly, these counts will be dismissed without prejudice unless the Trustee moves the district court to withdraw the reference as set forth in the Order accompanying this Opinion.[4]

---

[3]Having failed to raise the estate's claim against the IRS as a counterclaim to the IRS's proof of claim, this point has been conceded by the Trustee.

[4]If the Trustee requests the district court to withdraw the reference in regard to Counts II and III, interests of judicial economy would be served if the request included an amended Count I.

Case 1:13-ap-00163-MDF    Doc 13    Filed 10/07/13    Entered 10/08/13 11:03:21    Desc
Main Document      Page 7 of 8

### III. Conclusion

For the reasons discussed above, the motion to dismiss will be granted as to Count I unless an amended complaint is filed within thirty (30) days of the date of the Order accompanying this Opinion. The motion to dismiss will be granted as to Counts II and III unless the Trustee moves the district court to withdraw the reference within thirty (30) days of the date of the Order accompanying this Opinion.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: October 7, 2013